ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA DANTZ, | ) | CASE NO. 5:04CV0060 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| APPLE AMERICAN GROUP, LLC, | ) | [RESOLVING DOC. 93] |
| | ) | |
| Defendant. | ) | |
| | ) | |

On April 18, 2005, this Court granted in part defendant's Motion for Reconsideration (Doc. 78) to the extent that the motion requested the Court to compel arbitration of the plaintiff's claims. The action was dismissed and not stayed because an arbitrator's decision will be final and binding. *See* Judgment Entry (Doc. 92).

This action is presently before the Court upon plaintiff's Motion for Reconsideration of the Court's Dismissal of this Case and Ordering Plaintiff to Binding Mandatory Arbitration (Doc. 93), filed on April 28, 2005. Plaintiff relies on the Sixth Circuit decision in *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370 (6th Cir. 2005), and Ohio contract law. *Walker* was decided more than a month prior to the Judgment Entry (Doc. 92) being entered on the docket.

As District Judge Katz stated in *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995),

> Motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In Re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D. Ind. 1994). As such, motions for reconsideration are granted "very sparingly." *Bakari v. Beyer*,

870 F.Supp. 85, 88 (D. N.J. 1994)[, rev'd w/o opinion, 82 F.3d 404 (3rd Cir. 1996) (table)]. Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992), *aff'd*, 37 F.3d 1485 (3rd Cir. 1993). Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom.* 22 F.3d 303 (3rd Cir. 1994), *cert. denied sub nom.*, [513] U.S. [1084], 115 S.Ct. 739, 130 L.Ed.2d 641 (1995). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database America, Inc., v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216, 1220 (D. N.J. 1993), citing *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990).

Since the movant has neither pointed to a change in the controlling law, nor presented new evidence not previously available, her motion for reconsideration apparently seeks to remedy a clear legal error, or to prevent an obvious injustice. However, the movant asserts nothing new that was not already presented to the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table). Accordingly,

Plaintiff's Motion for Reconsideration of the Court's Dismissal of this Case and Ordering Plaintiff to Binding Mandatory Arbitration (Doc. 93) is DENIED.

IT IS SO ORDERED.

| September 29, 2006 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |